William A. Broscious, Esquire (VSB#27436)
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, Virginia 23233
(804) 741-0400 x202

Counsel for EVB

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **In re** | ) | **Chapter 7** |
| | ) | |
| **THOMAS LEE SEBRA** | ) | **Case No. 11-34561** |
| and | ) | |
| **ELAINE M. SEBRA, jointly** | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| **EVB,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THOMAS LEE SEBRA,** | ) | |
| **ELAINE M. SEBRA,** | ) | |
| and | ) | |
| **LYNN L. TAVENNER, TRUSTEE** | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND NOTICE OF MOTION AND PRELIMINARY HEARING**

EVB, a Virginia banking corporation, by counsel, pursuant to 11 U.S.C §§362(d) and (e), Fed. R. Bankr. P. 4001 and 9014, and Local Rules 4001(a)-1 and 9013-1, hereby moves the Court for entry of an order terminating the automatic stay to allow EVB to exercise all its rights and remedies arising pursuant to applicable documents and law with respect to certain real property more particularly described herein (the "Motion"). In support of this Motion, EVB states the following:

1. This contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2. On July 14, 2011 (the "Petition Date"), Thomas Lee Sebra ("Mr. Sebra") and Elaine M. Sebra (together with Mr. Sebra, the "Debtors"), filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Case"). Lynn L. Tavenner, Trustee (the "Trustee"), was appointed as interim trustee, and the Trustee continues to serve as trustee in the Bankruptcy Case.

3. The Debtors' estate includes the real property titled in the name of Debtors and identified below (the "Real Property") along with (i) all equipment, fixtures, and other articles of personal property attached or affixed to the subject real property (the "Personal Property"), and (ii) all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the subject real property (the "Rents"):

   a. *The "9233 Northumberland Hwy. Property"*

   All that certain lot or parcel of land, together with all improvements thereon and all rights, ways and privileges thereunto appertaining, situate, lying and being in Fairfield Magisterial District, Northumberland County, Virginia, containing One and Forty-Two One Hundredths (1.42) acres, more or less, as shown on plat of survey by Philip L. Keyser, Land Surveyor, dated June 6, 2001, entitled "Lot Location Survey for Conveyance to Rebecca L. Maloney", a copy of which plat is recorded in the Clerk's Office of the Circuit Court of Northumberland County, Virginia, in Deed Book 486, Page 719 and by reference hereto is incorporated herewith.

   b. *The "11072 Richmond Road Property"*

   All those two (2) certain lots, tracts or parcels at land, together with all improvements thereon and all rights, ways and privileges thereunto appertaining, situate, lying and being in Washington Magisterial District, Richmond County, Virginia, and more particularly bounded and described as follows:

   Parcel One: 0.535 of an acre, more or less, as shown on plat of survey by Charles E. Tomlin, Jr., Certified Land Surveyor, dated November 12, 1973, entitled "Lot Location Survey DONALD I. SMITH & GLORIA B. SMITH", a copy of which plat is of record in the Office of the Clerk of the

Circuit Court of Richmond County, Virginia, in Deed Book 101 at Page 369.

Parcel Two:    10.00 acres, more or less, designated as Parcel II, as shown on plat of survey by Sterlin L. Headley, Land Surveyor, dated September 24, 1991, entitled "PLAT OF DIVISION SURVEY OF THE LAND OF ALDENE SMITH HAYNIE", a copy of which plat is of record in the aforesaid Clerk's Office in Plat Cabinet No.1 on Slide No. 238A.  LESS AND EXCEPT, 1.0194 acres, more or less, as shown on plat of survey by Edward G. Holsinger, Land Surveyor, dated October 17, 2001, entitled "Plat of Survey Showing Boundary Line Adjustment on the Property of DONALD I. SMITH and GLORIA B. SMITH", a copy of which plat is of record in the aforesaid Clerk's Office in Plat Cabinet No. 2 on Slide No. 196C, and being the same real estate conveyed unto David Baker by deed dated October 31, 2001, from Donald I. Smith, of record in the aforesaid Clerk's Office in Deed Book 206 at Page 197.

Being the same real estate conveyed unto Thomas L. Sebra and Elaine M. Sebra, husband.and wife, by deed dated July 19, 2004, from Donald I. Smith and Gloria B. Smith, husband and wife, of record in the aforesaid Clerk's Office in Deed Book 232 at Page 023.

c. *The "32.77 Acres Property"*

All that certain tract or parcel of land, with the improvements thereon and appurtenances thereunto appertaining, situate in Washington Magisterial District, Richmond County, Virginia, containing 32.77 acres, as shown on a certain plat thereof prepared by Sterlin L. Headley, Land Surveyor, dated October 29, 1998 and revised June 16, 2003, a copy of which plat is recorded with the hereinafter mentioned deed.

BEING the same property conveyed to Davis & Brizendine, Inc., a Virginia corporation, by deed from Alexander F. Dillard, Jr., Special Commission, dated December 17, 2003, and recorded December 19, 2003, in Deed Book 227 at Page 156 among the land records of Richmond County, Virginia.

-and-

All that certain tract or parcel of land, with the improvements thereon and appurtenances thereunto appertaining, situate in Washington Magisterial District, Richmond County, Virginia, containing 32.77 acres, as shown on a certain plat thereof prepared by Sterlin L. Headley, Land Surveyor, dated October 29, 1998, and revised June 16, 2003, a copy of which plat is recorded with a deed dated December 17, 2003, from Alexander F. Dillard, Jr., Special Commissioner, to Davis & Brizendine, Inc., a Virginia corporation, in the Office of the Clerk of the Circuit Court of Richmond County, Virginia, in Deed Book 227 at Page 156.

Being the same real estate conveyed unto Thomas L. Sebra and Elaine M. Sebra, husband and wife, by deed dated January 20, 2006, from Davis & Brizendine, Inc., a Virginia corporation, of record in the aforesaid Clerk's Office in Deed Book 247 at Page 700.

d. *The "12762 Richmond Road Property"*

All that certain tract or lot of land lying in Washington Magisterial District of Richmond County, Virginia, containing two and four-tenths (2 4/10) acres, more or less, but conveyed in gross and not by the acre and bounded as follows: Beginning at a cement stob on the Southerly edge of the state highway leading from Village to Haynesville N. 82 3/8 W 77 feet from a highway concrete marker, thence S 38 W 233 feet along a line of marked trees on the line of the land of Paul H. Headley to another cement stob in a ravine, a corner with the other land of the said Lloyd W. Smith, Sr., thence along a line of marked trees in the approximate center of said ravine S 72 E 446 feet to another cement stob on the hill, a corner with the other land of the said Lloyd W. Smith, Sr., thence N 22 1/2 E 291 feet along a line of marked trees to another cement stob on the Southerly edge of the aforesaid highway, thence along said Southerly edge of said highway N 82 3/8 W 395.5 feet to the point of beginning.

and

e. *The "10982 Richmond Road Property"*

All those three (3) certain tracts or parcels of land, together with all improvements thereon, situate, lying and being in Washington Magisterial District, Richmond County, Virginia, designated and described as follows:

PARCEL ONE: 26.31 acres, more or less, as shown on plat of survey by Sterlin L. Headley, Land Surveyor, dated September 24, 1991, entitled "Plat of Division Survey of the Land of Aldene Smith Haynie", a copy of which plat is of record in the Office of the Clerk of the Circuit Court of Richmond County, Virginia, in Deed Book 149 at Page 262; LESS AND EXCEPT, 4.75 acres, more or less, conveyed to Alliance Fertilizer of the Northern Neck, Incorporated, a Virginia corporation, by deed of record in the aforesaid Clerk's Office in Deed Book 169 at Page 704.

PARCEL TWO: Situated on the right hand side of U.S. Route 360 leading from Warsaw to Haynesville, bounded by the aforesaid highway on the North and the lands now or formerly owned by Edward I. Smith and Aldene I. Smith, his wife, on the East, South and West.

PARCEL THREE: 0.13 of an acre, more or less, as shown on plat of survey by R. Peel Dillard, C.L.S., dated November 16, 1983, entitled "Lot

> Location Survey RONALD EDWARD SMITH - SHIRLEY M. SMITH", a copy of which plat is of record in the aforesaid Clerk's Office in Deed Book 129 at Page 448.
>
> Being the same real estate conveyed unto Thomas L. Sebra and Elaine M. Sebra, husband and wife, by deed dated March 10, 2003, from Ronald E. Smith, of record in the aforesaid Clerk's Office in Deed Book 218 at Page 627.

The Real Property, the Personal Property, and the Rents are referred to herein collectively as the "Property."

4. The Debtors are indebted to EVB (directly and/or as successor in interest to Bank of Northumberland, Inc.) on account of numerous loans in an amount not less than $984,466.94 as of the Petition Date, including the following:

   a. Loan No. 40395584 is evidenced by a Promissory Note in the stated principal amount of $185,802.21 and dated December 30, 2009 (in replacement and not in satisfaction of a series of prior notes, including a Promissory Note in the stated principal amount of $625,000.00 and dated June 20, 2007, the "$185,802.21 Note"). A true and correct copy of the "$185,802.21 Note is attached hereto as <u>Exhibit A-1</u>. Loan No. 40395584 is secured by a security interest in and lien against: (1) the 9233 Northumberland Hwy. Property, and related Personal Property and Rents, pursuant to that certain Deed of Trust dated June 20, 2007, and recorded on June 25, 2007, in the Clerk's Office of the Circuit Court for the County of Northumberland, Virginia (the "Northumberland Clerk's Office"), as Instrument No. 07-00746 (the "9233 Northumberland Hwy. Property Deed of Trust"), (2) the 32.77 Acres Property, and related Personal Property and Rents, pursuant to the "32.77 Acres Property Deed of Trust" (as described in clause (e) of the paragraph 4), and (3) the 10982 Richmond Road Property, and related Personal Property and Rents, pursuant to the "10982 Richmond Road Property Deed of Trust" (as described in clause (g) of the paragraph 4). A true and correct copy of the June 20, 2007 Deed of Trust is attached hereto as <u>Exhibit A-2</u>. The balance due on Loan

No. 40395584 as of the Petition Date was $207,804.97, comprised of principal of $185,802.21, accrued and unpaid interest of $15,734.63, and other charges permitted under the applicable documents of $6,268.13.

        b.      Loan No. 40419935 is evidenced by a Promissory Note in the stated principal amount of $51,500.00 and dated December 30, 2009 (the "$51,500 Note"). A true and correct copy of the $51,500 Note is attached hereto as <u>Exhibit B</u>. Loan No. 40419935 is secured by a lien against: (1) the 9233 Northumberland Hwy. Property, and related Personal Property and Rents, pursuant to the 9233 Northumberland Hwy. Property Deed of Trust, (2) the 32.77 Acres Property, and related Personal Property and Rents, pursuant to the 32.77 Acres Property Deed of Trust, and (3) the 10982 Richmond Road Property, and related Personal Property and Rents, pursuant to the 10982 Richmond Road Property Deed of Trust. The balance due on Loan No. 40419935 as of the Petition Date was $61,279.66, comprised of principal of $51,500.00, accrued and unpaid interest of $5,540.84, and other charges permitted under the applicable documents of $4,238.82.

        c.      Loan No. 700273492 is evidenced by a Promissory Note in the stated principal amount of $200,000.00 and dated August 9, 2005 (the "2005 $200,000 Note"). A true and correct copy of the $200,000 Note is attached hereto as <u>Exhibit C-1</u>. Loan No. 700273492 is secured by a lien against: (1) the 11072 Richmond Road Property, and related Personal Property and Rents, pursuant to that certain Deed of Trust dated August 9, 2005, and recorded on August 10, 2005, in the Clerk's Office of the Circuit Court for the County of Richmond, Virginia (the "Richmond Clerk's Office"), as Instrument No. 05-00992 (the "First 11072 Richmond Road Property Deed of Trust"), (2) the 9233 Northumberland Hwy. Property, and related Personal Property and Rents, pursuant to the 9233 Northumberland Hwy. Property Deed of Trust, (3) the 32.77 Acres Property, and related Personal Property and Rents, pursuant to the

32.77 Acres Property Deed of Trust, and (4) the 10982 Richmond Road Property, and related Personal Property and Rents, pursuant to the 10982 Richmond Road Property Deed of Trust.  A true and correct copy of the First 11072 Richmond Road Property Deed of Trust is attached hereto as <u>Exhibit C-2</u>.  The balance due on Loan No. 700273492 as of the Petition Date was $187,248.36, comprised of principal of $165,088.12, accrued and unpaid interest of $15,628.52, and other charges permitted under the applicable documents of $6,531.72.

    d. Loan No. 700273231 is evidenced by a Promissory Note in the stated principal amount of $50,000.00 and dated February 17, 2006 (the "2006 $50,000.00 Note").  A true and correct copy of the 2006 $50,000.00 Note is attached hereto as <u>Exhibit D-1</u>.  Loan No. 700273231 is secured by a lien against: (1) the 11082 Richmond Road Property, and related Personal Property and Rents, pursuant to that certain Deed of Trust dated February 17, 2006, and recorded on March 7, 2006, in the Richmond  Clerk's Office of the Circuit Court for the County of Richmond, Virginia, as Instrument No. 06-00264 (the "Second 11072 Richmond Road Property Deed of Trust"), (2) the 9233 Northumberland Hwy. Property pursuant to the 9233 Northumberland Hwy. Property Deed of Trust, (2) the 9233 Northumberland Hwy. Property, and related Personal Property and Rents, pursuant to the 9233 Northumberland Hwy. Property Deed of Trust, (3) the 32.77 Acres Property, and related Personal Property and Rents, pursuant to the 32.77 Acres Property Deed of Trust, and (4) the 10982 Richmond Road Property, and related Personal Property and Rents, pursuant to the 10982 Richmond Road Property Deed of Trust.  A true and correct copy of the Second 11072 Richmond Road Property Deed of Trust is attached hereto as <u>Exhibit D-2</u>. The balance due on Loan No. 700273231 as of the Petition Date was $46,286.48, comprised of principal of $41,563.93, accrued and unpaid interest of $4,169.37, and other charges permitted under the applicable documents of $553.18.

e. Loan No. 700272616 evidenced by a Promissory Note in the stated principal amount of $175,000.00 and dated December 30, 2009 (in replacement and not in satisfaction of a series of prior notes, including a Promissory Note in the stated principal amount of $175,000.00 and dated January 26, 2006, the "$175,000.00 Note"). A true and correct copy of the $175,000.00 Note is attached hereto as Exhibit E-1. Loan No. 700272616 is secured by a lien against: (1) the 32.77 Acres Property, and related Personal Property and Rents, pursuant to that certain Deed of Trust dated January 26, 2006, and recorded on January 27, 2006, in the Richmond Clerk's Office, as Instrument No. 06-00103 (the "32.77 Acres Property Deed of Trust"), (2) the 9233 Northumberland Hwy. Property, and related Personal Property and Rents, pursuant to the 9233 Northumberland Hwy. Property Deed of Trust, and (3) the 10982 Richmond Road Property, and related Personal Property and Rents, pursuant to the 10982 Richmond Road Property Deed of Trust. A true and correct copy of the 32.77 Acres Property Deed of Trust is attached hereto as Exhibit E-2. The balance due on Loan No. 700272616 as of the Petition Date was $202,659.50, comprised of principal of $175,000.00, accrued and unpaid interest of $22,190.25, and other charges permitted under the applicable documents of $5,469.25.

f. Loan No. 700268989 is evidenced by a Promissory Note in the stated principal amount of $50,000.00 and dated August 17, 2005 (the "2005 $50,000.00 Note"). A true and correct copy of the 2005 $50,000.00 Note is attached hereto as Exhibit F-1. Loan No. 700268989 is secured by a lien against: (1) the 12762 Richmond Road Property, and related Personal Property and Rents, pursuant to that certain Deed of Trust dated August 17, 2005, and recorded on August 18, 2005, in the Richmond Clerk's Office as Instrument No. 05-01028 (the "12762 Richmond Road Property Deed of Trust"), (2) the 9233 Northumberland Hwy. Property, and related Personal Property and Rents, pursuant to the 9233 Northumberland Hwy.

Property Deed of Trust, (3) the 32.77 Acres Property, and related Personal Property and Rents, pursuant to the 32.77 Acres Property Deed of Trust, and (4) the 10982 Richmond Road Property, and related Personal Property and Rents, pursuant to the 10982 Richmond Road Property Deed of Trust. A true and correct copy of the 12762 Richmond Road Property Deed of Trust is attached hereto as <u>Exhibit F-2</u>. The balance due on Loan No. 700268989 as of the Petition Date was $49,375.93, comprised of principal of $40,193.87, accrued and unpaid interest of $4,161.18, and other charges permitted under the applicable documents of $5,020.88.

    g.  Loan No. 700049227 is evidenced by a Promissory Note in the stated principal amount of $200,000.00 and dated December 30, 2009 (in replacement and not in satisfaction of a series of prior notes, including a Promissory Note in the stated principal amount of $200,000.00 and dated March 25, 2004, the "2009 $200,000.00 Note"). A true and correct copy of the 2009 $200,000.00 Note is attached hereto as <u>Exhibit G-1</u>. Loan No. 700049227 is secured by a lien against: (1) the 10982 Richmond Road Property, and related Personal Property and Rents, pursuant to that certain Deed of Trust dated March 25, 2004, and recorded on March 30, 2004, in the Richmond Clerk's Office as Instrument No. 04-00336 (the "10982 Richmond Road Property Deed of Trust"), (2) the 9233 Northumberland Hwy. Property, and related Personal Property and Rents, pursuant to the 9233 Northumberland Hwy. Property Deed of Trust, and (3) the 32.77 Acres Property, and related Personal Property and Rents, pursuant to the 32.77 Acres Property Deed of Trust. A true and correct copy of the 10982 Richmond Road Deed of Trust is attached hereto as <u>Exhibit G-2</u>. The balance due on Loan No. 700049227 as of the Petition Date was $229,812.04, comprised of principal of $199,859.65, accrued and unpaid interest of $25,342.48, and other charges permitted under the applicable documents of $4,609.91.

Loan No. 40395584, Loan No. 40419935, Loan No. 700273492, Loan No. 700273231, Loan No. 700272616, Loan 700268989, and Loan No. 700049227 are referred to herein collectively as the "Loans," the $185,802.21 Note, the $51,500 Note, the 2005 $200,000 Note, the 2006 $50,000.00 Note, the $175,000.00 Note, the 2005 $50,000.00 Note, and the 2009 $200,000.00 Note are collectively referred to herein as the "Notes," and the 9233 Northumberland Hwy. Property Deed of Trust, the First 11072 Richmond Road Property Deed of Trust, the Second 11072 Richmond Road Property Deed of Trust, the 32.77 Acres Property Deed of Trust, the 12762 Richmond Road Property Deed of Trust, and the 10982 Richmond Road Property Deed of Trust are referred to herein collectively as the "Deeds of Trust."

5. Mr. Sebra also is indebted to EVB on account of numerous loans to an affiliate, Three T's, Inc. (the "Affiliate"), for which Mr. Sebra is a co-signer, including the following:

a. Loan No. 700025194 evidenced by a Promissory Note in the stated principal amount of $45,000.00 and dated August 15, 2001.

b. Loan No. 700026778 evidenced by a Promissory Note in the stated principal amount of $85,000.00 and dated October 18, 2001.

c. Loan No. 700027765 evidenced by a Promissory Note in the stated principal amount of $50,000.00 and dated November 9, 2001.

d. Loan No. 700042024 evidenced by a Promissory Note in the stated principal amount of $130,000.00 and dated June 2, 2003.

e. Loan No. 700048996 evidenced by a Promissory Note in the stated principal amount of $158,000.00 and dated March 12, 2004.

(collectively, the "Affiliate Notes"). Mr. Sebra's obligations on account of the Affiliate Notes are secured by a security interest in and lien against: (1) the 9233 Northumberland Hwy. Property, and related Personal Property and Rents, pursuant to the 9233 Northumberland Hwy.

Property Deed of Trust, (2) the 32.77 Acres Property, and related Personal Property and Rents, pursuant to the 32.77 Acres Property Deed of Trust, and (3) the 10982 Richmond Road Property, and related Personal Property and Rents, pursuant to the 10982 Richmond Road Deed of Trust. The Affiliate filed for Chapter 11 bankruptcy relief on the Petition Date and the total amount owed on account of the Affiliate Notes as of the Petition Date was $278,332.14, comprised of principal of $272,708.03, accrued and unpaid interest of $1,413.00, and other charges permitted under the applicable documents of $4,211.11.

6. The Debtors are in default of their various obligations with respect to the Loans and under the Deeds of Trust, the Notes, and the Affiliate Notes. Foreclosure sales with respect to the Property were scheduled for July 15, 2011, but were cancelled promptly following confirmation of the Debtors' filing the Bankruptcy Case.

7. The Deeds of Trust constitute valid security interests in and liens against the Property securing the Loans and the obligations of the Debtors evidenced by the Notes and the Deeds of Trust. The 9233 Northumberland Hwy. Property Deed of Trust, the 32.77 Acres Property Deed of Trust, and the 10982 Richmond Road Property Deed of Trust constitute valid security interests in and liens against the 9233 Northumberland Hwy. Property, the 32.77 Acres Property, and the 10982 Richmond Road Property (including Personal Property and Rents related to such real property) securing Mr. Sebra's obligations evidenced by the Affiliate Notes.

## Grounds for Relief

8.  The automatic stay should be terminated because the Debtors and the Trustee have no equity in the Property and the Property is not necessary for an effective reorganization.

9.  Cause exits for the termination of the automatic stay because EVB's interest in the Property is not adequately protected based on, among other things, the Debtors' failure to: (1) properly maintain the Property, (2) deliver collected Rents to EVB, and (3) upon information and belief, pay taxes due and owing on the Property and other taxes.

WHEREFORE, EVB respectfully requests that the Court enter an order: (1) terminating the automatic stay to permit EVB to exercise all of its rights and remedies arising under the Deeds of Trust and applicable law with respect to the Property; and (2) granting such other relief as is just and appropriate.

Date: July 26, 2011

EVB
By counsel

*/s/ William A. Broscious*
William A. Broscious, Esquire (VSB# 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia  23233
(804) 741-0400

Counsel for EVB

# NOTICE

**THE PARTIES SERVED WITH THIS MOTION SHALL HAVE 15 DAYS FROM THE DATE OF SERVICE HEREOF IN WHICH TO FILE WITH THE COURT A WRITTEN RESPONSE.**

## NOTICE OF MOTION AND NOTICE OF PRELIMINARY HEARING

EVB ("EVB"), has filed the foregoing Motion for Relief from the Automatic Stay (the "Motion") with the Bankruptcy Court to obtain relief from the automatic stay of 11 U.S.C. § 362(a).

**Your rights may be affected**. **You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within fourteen (14) days from the date of service of the Motion, you or your attorney must:

☒ File with the Court, at the address shown below, a written response pursuant to Local Bankruptcy Rule 4001(a)-1(C) explaining your position. If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the fourteen (14) day period.

>Clerk of the Bankruptcy Court
>United States Bankruptcy Court
>Eastern District of Virginia
>701 East Broad Street, Room 4100
>Richmond, Virginia 23219

You must also mail a copy to:

>William A. Broscious, Esquire
>KEPLEY BROSCIOUS & BIGGS, PLC
>2211 Pump Road
>Richmond, Virginia 23233

>Lynn L. Tavenner, Esquire
>Tavenner & Beran, PLC
>20 North Eighth Street, Second Floor
>Richmond, Virginia 23219

>Roy M. Terry, Jr.
>DURRETTECRRUMP PLC
>1111 East Main Street, 16th Floor
>Richmond, Virginia 23219

Thomas Lee and Elaine M. Sebra
11072 Richmond Road
Warsaw, Virginia 23572

Robert B. Van Arsdale, Esquire
Assistant U.S. Trustee
OFFICE OF THE U.S. TRUSTEE
701 E. Broad Street, Suite 4304
Richmond, VA 23219

☒ Attend the preliminary hearing on the motion, scheduled for **August 17, 2011, at 11:00 a.m.** in Courtroom 5100 (Judge Tice), United States Courthouse, 701 E. Broad Street Richmond, Virginia 23219.

If you or your attorney do not take these steps, the Court may decide that you do not oppose relief sought in the Motion and may enter an order granting that relief.

Date: July 26, 2011  

EVB
By counsel

*/s/ William A. Broscious*
William A. Broscious, Esquire (VSB# 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia 23233
804.741.0400

# CERTIFICATE OF SERVICE

      I hereby certify that on July 26, 2011: (1) an electronic copy of the foregoing Motion for Relief from Automatic Stay and Notice of Motion and Notice of Preliminary Hearing was filed using the Court's ECF System which caused electronic notification of filing to be served on all registered users of the ECF System that have requested such notification in the Thomas Lee Sebra and Elaine M. Sebra bankruptcy proceeding; and (2) a copy of the foregoing Motion for Relief from Automatic Stay was sent by first-class mail, postage prepaid, to each party required to receive notice under Local Bankruptcy Rule 4001(a)-1(F)(1) as follows:

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Roy M. Terry, Jr.
DURRETTECRRUMP PLC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219

Thomas Lee and Elaine M. Sebra
11072 Richmond Road
Warsaw, Virginia 23572

Robert B. Van Arsdale, Esquire
Assistant U.S. Trustee
OFFICE OF THE U.S. TRUSTEE
701 E. Broad Street, Suite 4304
Richmond, VA 23219

                                              */s/ William A. Broscious*
                                              William A. Broscious, Esquire (VSB# 27436)
                                              KEPLEY BROSCIOUS & BIGGS, PLC
                                              2211 Pump Road
                                              Richmond, Virginia 23233
                                              804.741.0400

                                              *Counsel for EVB*